NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERNICE HAMILTON,
AKA GARNARIS HAMILTON**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2024-2200

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-02153-CNL, Judge Carolyn N. Lerner.

---

Decided: August 14, 2025

---

JERNICE HAMILTON, Goose Creek, SC, pro se.

COLLIN T. MATHIAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, WILLIAM J. GRIMALDI.

---

Before PROST, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

Jernice Hamilton, appearing pro se, appeals from the United States Court of Federal Claims (Claims Court) decision dismissing his complaint for lack of subject matter jurisdiction. *See Hamilton v. United States*, No. 23-2153 (Fed. Cl. May 20, 2024); S. App'x 4–12.[1] For the following reasons, we *affirm*.

## BACKGROUND

Mr. Hamilton filed a complaint which, liberally construed by the Claims Court, includes, among others, the following requests for relief: entitlement to disability retirement and back pay, correction of military records, and violations of the Fifth and Fourteenth Amendments. These claims arise from his service in the United States Army (Army) and United States Army Reserve (USAR) beginning in the late 1970s.

In August 1977, Mr. Hamilton reported for his entrance examination to join the Army. While playing basketball with a group of other recruits, he suffered an eye injury. After a successful surgery, he was cleared for service and formally enlisted in the USAR for a six-year term in October 1977. Days later, he signed a change of status form which required three years of active-duty service with the Army, followed by three years of reserve duty with the USAR. During basic training, Mr. Hamilton suffered a hand injury that required surgery in November 1977. After a successful operation, the Army cleared him for duty with limitation.

---

[1] "S. App'x" refers to the supplemental appendix filed with the government's informal response brief.

Mr. Hamilton continued on active duty until January 1980, when he was court-martialed and convicted of various offenses, including indecent exposure, assault, battery, and drug-related misconduct. He was officially discharged from the Army in September 1980. In August 1981, Mr. Hamilton filed a claim with the United States Department of Veterans Affairs (VA), but was denied due to his bad conduct discharge.

Nearly four decades later, starting in 2018, he filed multiple applications with the VA and Army Board for Correction of Military Records (ABCMR) seeking, among other relief, disability benefits, an upgrade of his bad conduct discharge to honorable, and correction of his Certificate of Release or Discharge from Active Duty, or DD Form 214. Each request was denied.

In December 2023, Mr. Hamilton filed suit in the Claims Court. The court dismissed the complaint for lack of subject matter jurisdiction, holding that many of his claims were time-barred under the six-year statute of limitations set forth in 28 U.S.C. § 2501, and that the court lacked jurisdiction over the remaining claims. S. App'x 7–12. Mr. Hamilton appeals.

## DISCUSSION

We review the Claims Court's dismissal of a complaint for a lack of jurisdiction de novo. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016). The Tucker Act gives the Claims Court jurisdiction over claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Such claims must adhere to the Tucker Act's six-year statute of limitations. 28 U.S.C. § 2501. Although pro se filings are held to "less stringent standards,"

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), a pro se litigant still bears the burden of establishing jurisdiction, *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001).

We see no error in the Claims Court's dismissal of the complaint for lack of jurisdiction. Claims brought before the Claims Court must adhere to the Tucker Act's six-year statute of limitations. 28 U.S.C. § 2501; *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008) (holding that the Tucker Act's six-year statute of limitations is jurisdictional). Mr. Hamilton's claims related to correction of records, back pay, or retirement began to accrue in September 1980 when he was discharged from service. His complaint—filed over 40 years later—is well beyond the six-year limitation.

On appeal, Mr. Hamilton appears to argue that he was never discharged from the USAR when he was transferred to the Army in October 1977 because he did not receive a DD Form 214. Pet'r's Informal Br. 5. He contends that, as a result, the statute of limitations on his claims never began to run. *See id.* However, a DD Form 214 (also known as a Certificate of Release or Discharge from Active Duty) is issued upon discharge from *active* duty. *See* Army Reg. 635–5 at 1 (Sept. 15, 2000) (providing that a DD Form 214 "must be prepared for soldiers on retirement, discharge, [or] release from active duty service"). It is not ordinarily issued for release from the reserve component unless that service included qualifying active duty. *See* Department of Defense, Instr. 1336.01, *Certificate of Uniformed Service (DD Form 214/5 Series)* (Feb. 2022). Mr. Hamilton does not dispute that he properly received a DD Form 214 upon his discharge from the Army in 1980, which, as noted by the Claims Court, was found by the ABCMR to contain "no error . . . concerning his two days in the active reserve." S. App'x 5. In any event, because Mr. Hamilton did not file suit within six years of his 1980 discharge, all claims

arising from that or any earlier separation are untimely. *See* 28 U.S.C. § 2501; *Martinez v. United States*, 333 F.3d 1295, 1304 (Fed. Cir. 2003) (en banc).

Mr. Hamilton also appears to contend that his disability claim did not accrue until the ABCMR's final action in 2022, rather than upon the date of his discharge in 1980. Pet'r's Informal Br. 8–12. He relies on *Chambers v. United States*, in which this Court held that "[u]nlike claims for unlawful discharge, however, claims of entitlement to disability retirement pay generally do not accrue until an appropriate military board either finally denies such a claim or refuses to hear it." 417 F. 3d 1218, 1224 (Fed. Cir. 2005). However, *Chambers* also makes clear that the statute of limitations may begin to run at the time of discharge if the service member had "sufficient actual or constructive notice of his disability, and hence, of his entitlement to disability retirement pay." *Id.* at 1226. Here, as the Claims Court noted, Mr. Hamilton sought treatment for eye, hand, and back injuries in the late 1970s—demonstrating actual knowledge of the conditions underlying his disability claim. S. App'x 9. Because he had actual knowledge upon his discharge in 1980, his claims accrued at that time and are therefore time-barred by the six-year limitations period. *See Chambers*, 417 F.3d at 1226.

To the extent that Mr. Hamilton raises violations of the Fifth and Fourteenth Amendments on appeal, this Court has made clear that the Claims Court does not have jurisdiction to consider claims arising under the Due Process clauses of the Fifth and Fourteenth Amendments. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Further, Mr. Hamilton has not stated a Takings Claim within the Claims Court's jurisdiction because "a statutory right to be paid money, at least in the context of federal employee compensation and benefit entitlement statutes, is not a property interest for purposes of the Takings

Clause." *Adams v. United States*, 391 F.3d 1212, 1225 (Fed. Cir. 2004).

We have considered Mr. Hamilton's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the decision of the Claims Court.

**AFFIRMED**

Costs

No costs.